UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ALLIANCE LABS, LLC, | ) | |
| Plaintiff, | ) | 2:12-cv-00927 JWS |
| vs. | ) | ORDER AND OPINION |
| STRATUS PHARMACEUTICALS, INC., and SONAR PRODUCTS, INC., | ) | [Re: Motions at Dockets 12, 16] |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 12, defendant Sonar Products, Inc. ("Sonar") moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the complaint for lack of personal jurisdiction.  At docket 16, defendant Stratus Pharmaceuticals, Inc. ("Stratus") has filed a nearly identical motion.  Both defendants move, in the alternative, to dismiss based on improper venue or to transfer the case to an alternative venue for the convenience of the parties and witnesses.  Plaintiff Alliance Labs, LLC ("Alliance") opposes both motions at docket 23.  Sonar's reply is at docket 29.  Stratus replies at docket 30.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Alliance is an Arizona company that markets and distributes enema products, including the Enemeez Mini Enema, the Enemeez Plus Mini Enema, and the Docusol Mini Enema.  Stratus is a Florida corporation that markets and distributes competing enema products such as the Vacuant Mini-Enema and the Vacuant Plus Mini-Enema. Sonar is a New Jersey corporation that manufactures Vacuant and Vacuant Plus for Stratus.

Alliance alleges that Stratus's Vacuant products are "knock-offs" of its Enemeez products.  Alliance maintains that Stratus has targeted its customers and represented Vacuant products to be less expensive than the Enemeez products, but equally effective.  Alliance alleges that Stratus uses packaging that is virtually indistinguishable from the Enemeez packaging and that Stratus copied substantial portions of the Enemeez brochure to promote Vacuant products.  Alliance also alleges that Stratus has misrepresented the number and quantities of active ingredients in the Vacuant products.

Alliance has asserted federal claims for false advertising, unfair competition, and trademark infringement under the Lanham Act,[1] and copyright infringement.  Alliance has asserted state law claims for unfair competition, trademark infringement, and unjust enrichment.

## III.  STANDARD OF REVIEW

"Where a defendant moves to dismiss a complaint [pursuant to Federal Rule of Civil Procedure 12(b)(2),] for lack of personal jurisdiction, the plaintiff bears the burden of establishing that a court has personal jurisdiction over a defendant."[2]  Where the motion is based only upon written materials, rather than an evidentiary hearing, the plaintiff is required only to make a prima facie showing of personal jurisdiction.[3]

_____

[1] 15 U.S.C. § 1125(a)(1)(B); 15 U.S.C. § 1125(a)(1)(A); 15 U.S.C. § 1114(a).

[2] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

[3] *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

-2-

1    Uncontroverted allegations in the complaint are taken as true, and conflicts between
2    parties over statements contained in affidavits are resolved in favor of the plaintiff.[4]
3         "Where, as here, there is no applicable federal statute governing personal
4    jurisdiction, the district court applies the law of the state in which the district court sits."[5]
5    Arizona Rule of Civil Procedure 4.2(a) authorizes the exercise of jurisdiction to the
6    extent permitted by federal due process requirements.[6]  Due process requires that the
7    defendant "have certain minimum contacts with [the forum] such that the maintenance
8    of the suit does not offend traditional notions of fair play and substantial justice."[7]

9                                    **IV.  DISCUSSION**
10   **A.  General Jurisdiction**
11        General jurisdiction arises where a defendant has "substantial" or "continuous
12   and systematic" contacts with the forum and therefore "can be haled into court in that
13   state in any action, even if the action is unrelated to those contacts."[8]  The defendant's
14   contacts must "be of the sort that approximate physical presence."[9]  "Factors to be
15   taken into consideration are whether the defendant makes sales, solicits or engages in
16   business in the state, serves the state's markets, designates an agent for service of
17   process, holds a license, or is incorporated there."[10]
18        **1. Sonar**
19
20   _____
21        [4]*Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009).
22        [5]*Fred Martin Motor Co.*, 374 F.3d at 800.
23        [6]Ariz. R. Civ. P. 4.2(a).
24        [7]*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).
25        [8]*Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)
26   (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984)).
27        [9]*Id.*
28        [10]*Id.*

                                    -3-

1    Alliance argues that, because 8% of Sonar's 2011 sales and 1.64% of Sonar's
2    sales for the first quarter of 2012 came from Arizona, Sonar is subject to general
3    jurisdiction in Arizona.  Without more specific information, the court is unable to
4    conclude that the percentages of sales for 2011 and the first part of 2012 approximate
5    physical presence in Arizona.  Because that is the only factor Alliance has used to
6    support its prima facie case, the court concludes that Sonar is not subject to general
7    jurisdiction in Arizona.

8       **2.  Stratus**

9    Alliance argues that because 3.2% of Stratus' 2011 gross sales and 14.25% of
10   Stratus' gross sales for the first quarter of 2012 came from Arizona, Stratus is subject to
11   general jurisdiction in Arizona.  As with Sonar, Stratus' sales percentages in 2011 and
12   2012 do not approximate physical presence in Arizona.  Again, because Alliance has
13   not cited any other factor supporting a prima facie case, the court concludes that Stratus
14   is not subject to general jurisdiction in Arizona.

15   **B.  Specific Jurisdiction**

16   Specific jurisdiction exists where "(1) the defendant has performed some act or
17   consummated some transaction within the forum or otherwise purposefully availed
18   himself of the privileges of conducting activities in the forum, (2) the claim arises out of
19   or results from the defendant's forum-related activities, and (3) the exercise of
20   jurisdiction is reasonable."[11]  "The first prong is satisfied by either purposeful availment
21   or purposeful direction . . . which . . . are . . . two distinct concepts."[12]  "Purposeful
22   direction is . . . the proper analytical framework in this case."[13]

23   Purposeful direction is determined using a three-part test.  A defendant has
24   purposefully directed activity towards a forum if the defendant has "(1) committed an

25   _____

26      [11] *Bancroft & Masters*, 223 F.3d at 1086.

27      [12] *Brayton Purcell*, 606 F.3d at 1128 (internal quotations omitted).

28      [13] *See id.*

-4-

1  intentional act, (2) expressly aimed at the forum state, (3) causing harm that the

2  defendant knows is likely to be suffered in the forum state."[14]

3    **1. Sonar**

4      Sonar maintains that it was only a contract manufacturer and that it did not

5  purposefully direct any action towards Arizona.  Sonar states that it "did not develop the

6  labeling, packaging or inserts for the Vacuant products.  It merely had the label,

7  packaging, and inserts as supplied to it printed."[15]  Sonar therefore maintains that it did

8  not expressly aim any intentional act towards Arizona.

9      "Express aiming encompasses wrongful conduct individually targeting a known

10  forum resident."[16]  Alliance argues in its response that Sonar and Stratus acted in

11  conjunction and "mimicked Alliance's labeling."[17]  In its complaint, Alliance alleges that

12  Sonar must have been aware that Stratus was falsely advertising because it

13  manufactured Vacuant and Vacuant Plus.[18]  Even if that allegation is true and would

14  subject Sonar to liability, knowledge that Stratus was falsely advertising does not

15  constitute express aiming at an Arizona resident.

16      Meanwhile, each of the "allegedly infringing activities" listed in Alliance's

17  complaint refer only to conduct by Stratus.[19]  With respect to Alliance's individual claims,

18  the complaint describes conduct by Stratus and then states that Sonar is also liable

19  because it "knows or has reason to know" of Stratus' conduct.[20]  In short, Alliance has

20

21  _____

22    [14]*Brayton Purcell*, 606 F.3d at 1128.

23    [15]Doc. 29 at 6.

24    [16]*Bancroft & Masters*, 223 F.3d 1082.

25    [17]Doc. 23 at 11.

26    [18]Doc. 1 at 10.

27    [19]Doc. 1 at 13.

28    [20]*See, e.g.*, doc. 1 at 14, 16, 17

1  not supported allegations of any conduct on the part of Sonar that targeted Alliance or

2  any other forum resident.  Because Alliance has not demonstrated express aiming, it

3  has not established purposeful direction and Sonar is not subject to specific jurisdiction.

4       **2. Stratus**

5       By contrast, the allegations in plaintiff's complaint state that Stratus has

6  intentionally copied substantial portions of Alliance's brochures,[21] and "deliberately

7  mimicked [Alliance's] packaging."[22]  Those allegations constitute intentional acts

8  expressly aimed at Alliance, an Arizona resident.[23]  Alliance has also alleged that it has

9  been injured by that conduct.[24]  Because Stratus would have known that its conduct

10  would injure an Arizona resident, Alliance has made a prima facie case of purposeful

11  direction.

12       Although Stratus argues that Alliance's claims do not arise out of the sale of

13  Vacuant products in Arizona, that argument is both incorrect and immaterial.  There is

14  no dispute that Alliance's claims arise, in part, out of the Stratus' alleged copying of

15  Alliance's brochures.  The only remaining question, therefore, is whether the exercise of

16  specific jurisdiction over Stratus would be reasonable.

17       Reasonableness depends on seven factors: "(1) the extent of the defendant's

18  purposeful injection into the forum; (2) the defendant's burdens from litigating in the

19  forum; (3) the extent of conflict with the sovereignty of the defendant's forum; (4) the

20  forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution

21

22

23

----

24       [21]Doc. 1 at 9.

25       [22]*Id.*

26       [23]Alliance also alleges that Stratus uses its trademarks in metatags for its website.  *Id.* at

27  13.  All of the pertinent jurisdictional allegations are supported by the declaration at docket 24.

28       [24]*See, e.g.*, doc. 24 at 4.

of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum."[25]

Here, Stratus has injected itself into Arizona via sales. Those sales have recently constituted over 14% of its total sales. Although those sales do not constitute continuous and systematic contacts sufficient to support general jurisdiction, they do represent injection such that this factor weighs in favor of reasonableness. Stratus argues that the burden of defending suit in Arizona is great because most of the witnesses and evidence are in Florida. The burden on a non-resident defendant will always be greater than the burden on a defendant who is a resident of the forum–moreover, this factor is examined "in light of the corresponding burden on the plaintiff."[26] Given that it is just as difficult for Alliance to litigate in Florida as it is for Stratus to litigate in Arizona, and given that Alliance's witnesses and evidence are in Arizona, the second factor is a wash. The court agrees with Alliance that the exercise of jurisdiction in this instance would not implicate Florida's sovereignty; the third factor therefore weighs in favor of reasonableness. As with most other states, "Arizona has a strong interest in protecting its residents from torts that cause injury within the state, and in providing a forum for relief."[27] The fourth factor therefore weighs in favor of reasonableness.

With respect to the fifth factor, Alliance argues that the only non-party witnesses are found in Arizona. Stratus responds that there are non-party witnesses in Florida as well. The court concludes that this factor is a wash. The sixth factor–which focuses on the plaintiff's interest–is not as significant as the others, but ultimately weighs, however slightly, in favor of reasonableness. Finally, both New Jersey and Florida represent potential alternative forums, but as Alliance points out, "whether another reasonable

---

[25]*Ziegler v. Indian River Cnty.*, 64 F.3d 470, 475 (9th Cir. 1995).

[26]*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1199 (9th Cir. 1988).

[27]*Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989).

1   forum exists becomes an issue only when the forum state is shown to be

2   unreasonable."[28]

3          Because the court has concluded that the exercise of jurisdiction in Arizona is

4   reasonable, Stratus is subject to specific jurisdiction.

5   **C. Venue**

6          **1. Dismissal**

7          Stratus moves in the alternative to dismiss for improper venue.  Stratus'

8   arguments in favor of dismissal all hinge on whether it is subject to personal jurisdiction

9   in Arizona.[29]  The court has already concluded that Stratus is subject to personal

10  jurisdiction in Arizona, and therefore dismissal based on improper venue is not

11  appropriate.

12         **2. Transfer**

13         Stratus argues that this case should be transferred to the Southern District of

14  Florida.  Section 1406(a) of Title 28 of the United States Code provides that "[t]he

15  district court of a district in which is filed a case laying venue in the wrong division or

16  district shall dismiss, or if it be in the interest of justice, transfer such case to any district

17  or division in which it could have been brought."[30]  Because the court has already

18  concluded that Stratus is subject to personal jurisdiction in Arizona, venue is not

19  improper, and dismissal pursuant to § 1406(a) is inappropriate.

20         Stratus argues that the case should be transferred to the Southern District of

21  Florida pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of

22  parties and witnesses, in the interest of justice, a district court may transfer any civil

23

24         [28]*Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 929 n.19 (9th Cir. 2011) (quoting

25  *Sinatra*, 854 F.2d at 1201).

26         [29]*See* doc. 16 at 12.  *See also* 28 U.S.C. § 1391(c)(2) ("For all venue purposes an entity
    . . . whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district

27  in which such defendant is subject to the court's personal jurisdiction . . . .").

28         [30]28 U.S.C. § 1406(a).

1   action to any other district . . . where it might have been brought."[31]  Assuming that the

2   case could have been brought in the Southern District of Florida, whether transfer is

3   appropriate depends on a number of public and private factors.  "The defendant must

4   make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of

5   forum."[32]

6       Among the factors that may be considered are: (1) whether one state is more

7   familiar with the governing law than another; (2) the plaintiff's choice of forum; (3) the

8   parties' contacts with the forum; (4) the contacts relating to the plaintiff's claim in the

9   chosen forum; (5) the differences in the cost of litigation in each forum; (6) the

10  availability of compulsory process to compel attendance of non-party witnesses; and

11  (7) the accessibility to sources of proof.[33]

12      The court disagrees with Stratus that "this is not a case where the burden is

13  simply shifted from one party to another."[34]  Either party would be inconvenienced by

14  litigation in the other's preferred forum.  Here, neither Arizona nor Florida is more

15  familiar with the law governing Alliance's federal claims.  However, Alliance has chosen

16  Arizona.  Some of its claims are based on allegations that Stratus copied its brochures

17  and labels almost verbatim.  Those allegations also constitute the defendant's

18  jurisdictionally significant contacts.  The second, third, and fourth factors therefore

19  weigh against transferring the case.  Stratus' argument that compulsory process is more

20  readily available in Florida applies equally to Alliance's witnesses who reside in Arizona.

21  Finally, the court has already discussed that witnesses and evidence are located in both

22  states.  Consequently, Stratus has not made a strong showing of inconvenience

23  warranting transfer.

24  _____

25      [31]*Id.* § 1404(a).

26      [32]*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

27      [33]*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

28      [34]Doc. 16 at 16.

**V.  CONCLUSION**

For the reasons above, Sonar's motion to dismiss for lack of personal jurisdiction at docket 12 is **GRANTED**.  Sonar is **DISMISSED** from this action.  Stratus' motion at docket 16 to dismiss for lack of personal jurisdiction is **DENIED**.  Stratus' alternative motion to dismiss for improper venue or to transfer to an alternative venue for the convenience of the witnesses and the parties is **DENIED**.

DATED this 24th day of August 2012.

                                                     /s/
                                        JOHN W. SEDWICK
                            UNITED STATES DISTRICT JUDGE