UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Alliance Labs, LLC,** | ) | |
|       **Plaintiff,** | ) | **2:12-cv-00927 JWS** |
|       **vs.** | ) | **ORDER AND OPINION** |
| **Stratus Pharmaceuticals, Inc.,** | ) | **[Re: Motion at Docket 34]** |
|       **Defendants.** | ) | |

## I.  MOTION PRESENTED

At docket 34, defendant Stratus Pharmaceuticals, Inc. ("Stratus" or "defendant") moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Counts II, IV, V, and VII of the First Amended Complaint ("Complaint")—which include various federal and state trademark, unfair competition, and unjust enrichment claims against Stratus—based on lack of subject matter jurisdiction.  As for Count VII, the unjust enrichment claim, it alternatively moves to dismiss that claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Plaintiff Alliance Labs, LLC ("Alliance" or "plaintiff") opposes at docket 43, and defendant replies at docket 46.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Alliance is an Arizona company that markets and distributes enema products, including the Enemeez Mini Enema, the Enemeez Plus Mini Enema, and the Docusol Mini Enema.  Stratus is a Florida corporation that markets and distributes competing enema products, such as the Vacuant Mini-Enema and the Vacuant Plus Mini-Enema.

Alliance alleges that Stratus's Vacuant products are "knock-offs" of its Enemeez products.  Alliance maintains that Stratus has targeted its customers and represented Vacuant products to be less expensive than the Enemeez products, but equally effective.  Alliance alleges that Stratus uses packaging that is virtually indistinguishable from the Enemeez packaging and that Stratus copied substantial portions of the Enemeez brochure to promote Vacuant products.  Alliance also alleges that Stratus has misrepresented the number and quantities of active ingredients in the Vacuant products.

Alliance has asserted federal claims for false advertising under § 43(a)(1)(B) of the Lanham Act (Count I), unfair competition under § 43(a)(1)(A) of the Lanham Act (Count II), trademark infringement of Alliance's registered ENEMEEZ and DOCUSOL trademarks under § 32 of the Lanham Act (Count IV), and copyright infringement (Count VI).  Alliance has asserted state law claims for unfair competition (Count III), trademark infringement (Count V), and unjust enrichment (Count VII).

Stratus filed this motion to dismiss arguing that Alliance does not have standing under the applicable statutes to bring the federal unfair competition claim set forth in Count II and the federal trademark infringement claim set forth in Count IV, and thus, those two counts should be dismissed for this court's lack of subject matter jurisdiction.  Similarly, it argues that Alliance's state trademark claim in Count V should be dismissed because Alliance is not the owner of the trademarks at issue, and thus the court lacks standing to bring the claim and must dismiss it for lack of subject matter jurisdiction.  Stratus argues that Alliance's unjust enrichment claim in Count VII must fail for lack of subject matter jurisdiction based on the same reasoning.  Alternatively, Stratus argues

that Alliance's unjust enrichment claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### III.  STANDARD OF REVIEW

**Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction.  In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[1]  Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[2]  The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[3]  Where the defendant brings a factual jurisdictional attack, by challenging the truth of the allegations that would otherwise invoke federal jurisdiction, the district court may review evidence outside the complaint to resolve the issue and need not presume the truthfulness of the plaintiff's allegations.[4]  However, when cases are based on federal-question jurisdiction, factual jurisdictional dismissals are exceptional and only warranted "'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'"[5]

**Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and

---

[1] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[2] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[3] *Id.*

[4] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[5] *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

construed in the light most favorable to the nonmoving party."[6] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[8]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[9] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[11] "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[13]

In deciding whether to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6), the court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of undisputed matters of public record that are outside the

---

[6] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[7] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[8] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

[11] *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[12] *Id.* (quoting *Twombly*, 550 U.S. at 557).

[13] *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

pleadings.[14] If the parties present material outside the pleadings and those materials are not excluded, the motion must be treated as one for summary judgment under Rule 56.[15]

## IV. DISCUSSION

**Standing to bring federal statutory claims**

Stratus asserts that the court lacks jurisdiction to consider Alliance's Lanham Act claims for unfair competition and trademark infringement because Alliance is not the owner of the trademarks at issue and thus does not have standing under the statute. Standing is comprised of two distinct inquiries.[16] One implicates this court's subject matter jurisdiction, and one does not. First, the court must decide if the plaintiff has "suffered sufficient injury to satisfy the 'case or controversy' requirement of Article III."[17] If the plaintiff has not, and thus the claim does not satisfy Article III's requirement, the district court lacks subject matter over the claim. In such an event, the claims should be dismissed under Rule 12(b)(1).[18]

Second, if a plaintiff has standing under Article III of the Constitution, a court must then consider whether a particular statute has conferred standing on that plaintiff. "Non-constitutional standing exists when 'a particular plaintiff has been granted a right to sue by the specific statute under which he or she brings suit.'"[19] Congress can grant

---

[14] *See Gonzalez v. First Franklin Loan Services*, 2010 WL 144862, at *3 (E.D. Cal. Jan. 11, 2010) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

[15] Fed. R. Civ. P. 12(d).

[16] *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (2004).

[17] *Id.*

[18] *Id.*

[19] *Id.* at 1175 (quoting *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1199 (9th Cir. 2004)).

standing to any plaintiff who otherwise satisfies Article III.[20] When a court determines whether a person has standing under a statute, that determination is one related to the merits and not a threshold jurisdictional standing question.[21] If a plaintiff has Article III standing but Congress has not granted statutory standing, that plaintiff cannot state a claim upon which relief can be granted and that claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6).[22]

It does not appear that Stratus is challenging Alliance's Article III standing. Indeed, Alliance has pleaded a sufficient case or controversy. To satisfy Article III's case or controversy requirement, a plaintiff "must show that: (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision."[23] These elements are met in this case because Alliance and Stratus are competitors, and Alliance alleges that it has suffered direct injury because of Stratus's trademark infringement and competitive practices with the result being loss of sales and customers. Stratus does not bring its standing argument based on Alliance's failure to meet these three "case or controversy requirements" or otherwise argue that Alliance's allegations are wholly insubstantial and made solely for the purpose of obtaining federal jurisdiction. Thus, Alliance has Article III standing, and the court has subject matter jurisdiction.

Stratus's motion does, however, challenge Alliance's statutory standing. As stated above, such a motion is not jurisdictional. Instead, it is a determination related to

---

[20] *Id.*

[21] *Jewel v. Nat'l Sec. Agency,* 673 F.3d 902, 907 n.4 (9th Cir. 2011).

[22] *Cetacean Cmty.*, 386 F.3d at 1175.

[23] *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

the merits and should be brought under Rule 12(b)(6), and thus the court will treat Stratus's 12(b)(1) motion as one brought under 12(b)(6). Because the motion is not one related to subject matter jurisdiction, the court must decide whether to consider the motion given Rule 12(g). Under Rule 12 (g)(2), if a party makes a Rule 12 motion but omits an available defense or objection, the party may not raise that defense or objection in a subsequent Rule 12 motion; instead, the party can raise such a defense in its answer, on a motion for judgment on the pleadings, or at the trial on the merits.[24] Stratus already brought a Rule 12 motion based on personal jurisdiction. While the court believes that Stratus should have considered all of its Rule 12 motions at the outset to save judicial time and resources, it nonetheless will use its discretion to consider the motions because it does not appear to be brought merely for delay and such a motion resolves an issue that is likely to arise in the answer, which has not yet been filed, or in a motion for judgment on the pleadings or motion for summary judgment if not dealt with at this time.[25] Furthermore, because the parties submitted materials outside the pleadings for the court to consider, under Rule 12(d) the court must treat the motion as one for summary judgment. Given that both parties have submitted additional materials, they have reason to know that the court will consider matters outside the pleadings and have had time to develop facts in support of or in opposition to the motion.[26] Thus, the summary judgment standards of review apply.

      Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] The

---

[24] Fed. R. Civ. P. 12(g)(2), 12(h).

[25] *Larson v. Johnson*, 2007 WL 3390883, at *3 (D. Ariz. Nov. 13, 2007).

[26] *See Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985) (noting that if a motion to dismiss is treated as a motion for summary judgment because of reference to extrinsic evidence, the parties must have notice and an opportunity to develop facts related to the motion)

[27] Fed. R. Civ. P. 56(a).

materiality requirement ensures that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[28] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[29] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[30] The reviewing court may not weigh evidence or assess the credibility of witnesses.[31] The burden of persuasion is on the moving party.[32]

Stratus argues that Alliance does not have standing to bring a claim for unfair competition under § 43(a)(1)(A) of the Lanham Act. The court disagrees. In order to bring a claim for unfair competition under § 43 of the Lanham Act, the interest asserted by the plaintiff must be a commercial interest protected by the act.[33] Alleging a discernibly competitive injury clearly falls within this category.[34]

Stratus also argues that Alliance does not have standing to bring a claim for trademark infringement under § 32 of the Lanham Act because Alliance is not the registrant of the trademarks for ENEMEEZ, ENEMEEZ PLUS, and DOCUSOL, nor is Alliance an assignee of the registrant of the marks. Stratus filed documentation from the United States Patent and Trademark Office to prove that Alliance is not the registrant or assignee.[35] Based on the evidence Stratus provided, Enemeez, Inc. is the

---

[28] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[29] *Id.*

[30] *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

[31] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[32] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[33] *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1108 (9th Cir. 1992).

[34] *Id.* at 1109.

[35] Docs. 34-1, 34-2, 34-3, 34-4.

most recent assign/owner of the disputed trademarks. Alliance does not dispute this fact.

The Lanham Act provides that the registrant of a trademark may bring an action for infringement.[36] "Registrant" is defined to include the "legal representatives, predecessors, successors and assigns" of the registrant.[37] Alliance argues that exclusive licensees are the equivalent of a registrant's assigns and may therefore bring a claim under § 32 of the Lanham Act. It further argues that the current owner of the disputed Enemeez trademarks, Enemeez, Inc., is Alliance's corporate sibling, manufactures the Enemeez products for Alliance, and gave Alliance an exclusive license to use the Enemeez products and trademarks. In support, Alliance filed an affidavit of Enemeez, Inc.'s Secretary, Jim Pritchard, and a copy of the license agreement.[38]

Even if exclusive licensees are the equivalent of assignees and have the requisite standing under § 32 of the Lanham Act, the court concludes that Alliance is not an exclusive licensee because, pursuant to the clear language of the licensing agreement,[39] Alliance was not assigned all rights that accompany the trademark. The agreement explicitly and specifically states that it is a limited license and that "all copyright and other intellectual property rights relating to the Product are retained by Licensor."[40] Therefore, Alliance is not the proper party to bring the § 32 Lanham Act claim; rather, the only entity with statutory standing to bring a federal trademark

---

[36] 15 U.S.C. § 1114(1)(a).

[37] 15 U.S.C. § 1127.

[38] Doc. 43-1.

[39] *See Finance Investment Co. Ltd. v. Gerberit AG*, 165 F.3d 526, 532 (7th Cir. 1998) (whether a party has a statutory right to sue as an exclusive licensee under §32 of the Lanham Act depends on the language of its license agreement);

[40] Doc. 43-1 at 4.

infringement claim is Enemeez, Inc.  The court notes, however, that Enemeez, Inc. and Alliance are both amenable to having Enemeez, Inc. joined as a plaintiff to cure any statutory standing defect.  Alliance should be provided the opportunity to file such an amendment because an answer has not yet been filed and allowing an amended pleading will promote speedy disposition of the entire controversy and avoid multiple suits.

**Standing to bring state claims**

Stratus argues that Alliance does not have standing to bring its supplemental state law claims for trademark infringement and unjust enrichment.  As noted above, Alliance has Article III standing to bring the claims in this lawsuit.  Thus, the court's subject matter jurisdiction for these supplemental claims is not in question.  The issue should have been brought through a motion for failure to state a claim under Rule 12(b)(6).  Because, however, the parties included materials outside the pleadings, the summary judgment standards apply.

As for Alliance's ability to bring the state trademark infringement and unjust enrichment claims, the only statute implicated is Arizona's trademark statutes A.R.S. §§ 44–1451, 44–1452.  Stratus argues that Arizona's trademark law only allows an owner of a trademark registered with the Secretary of State for Arizona to bring a suit to enforce a trademark.  In response, Alliance notes that its trademark infringement claim is based on Arizona common law, and pursuant to §44-1452, the common law is not affected by Arizona's trademark statute. [41]  Neither party provided the court with adequate briefing as to whether Alliance is the proper party to bring an infringement claim under Arizona's common law.  Stratus states that under the Restatement of Torts, only an owner of a trademark can seek relief for common law trademark infringement,

---

[41]A.R.S. § 44-1452 expressly reserves Arizona's common law trademark rights stating: "Nothing in this article shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at any time at common law."

citing to *Quabaug Rubber Co. v. Fabiano Shoe Co., Inc.*[42] However, Stratus did not cite to any Arizona cases applying the Restatement of Torts or cases otherwise supporting its argument that Alliance is the wrong party to raise an Arizona common law trademark infringement claim.  Similarly, Stratus did not cite to any Arizona cases that support its argument that Alliance is the wrong party to raise an unjust enrichment claim.  Thus, Stratus failed to meet its burden of persuasion, and the court cannot conclude at this time that Stratus is entitled to judgment as a matter of law on these two state claims.

**Failure to state an unjust enrichment claim**

Stratus also argues that Alliance fails to raise a proper unjust enrichment claim. It argues Alliance does not allege a prior relationship between plaintiff and defendant and thus fails to state an unjust enrichment claim.  It also argues that because there is an adequate legal remedy available to Alliance, that being trademark infringement, Alliance fails to state an unjust enrichment claim.  Stratus requests that this claim be dismissed under Rule 12(b)(6).

To assert a valid claim of unjust enrichment under Arizona common law, Alliance must allege 1) an enrichment by Stratus; 2) an impoverishment by Alliance; 3) a connection between the enrichment and the impoverishment; 4) an absence of justification; and 5) an absence of a remedy provided by law.[43]  This court concludes that Alliance has adequately alleged all five elements.  Status focuses on the fifth element, absence of a legal remedy, arguing that the applicable trademark infringement laws provide adequate remedies.  However, as Alliance points out, the availability of another remedy does not prevent Alliance from pleading a claim for relief under the tort of unjust enrichment in the alternative.  Under Rule 8(d) of the Federal Rules of Civil Procedure, a plaintiff may set forth alternative claims for relief and as many separate

---

[42]567 F.2d 154, 160 (1st Cir. 1977).

[43]*Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008 (Ariz. Ct. App. 1995).

claims as it has, regardless of consistency.[44] An unjust enrichment claim is not deficient if a complaint also alleges claims for alternative forms of relief.[45] As for Stratus's argument that Alliance failed to allege that there was a prior relationship between Alliance and Stratus, existence of a prior relationship is not one of the elements of unjust enrichment under Arizona law. The case Stratus cites, *Doe I v. Wal-Mart Stores, Inc.*,[46] was construing California law. Thus, Alliance has adequately pled its unjust enrichment claim.

## V. CONCLUSION

Based on the foregoing analysis, defendant's motion to dismiss at docket 34 is HEREBY GRANTED IN PART AND DENIED IN PART as follows:

Defendant's request for the court to dismiss plaintiff's federal unfair competition claim in Count II is DENIED.

Defendant's request for the court to dismiss plaintiff's federal trademark infringement claim in Count IV is GRANTED. However, plaintiff is granted 30 days leave from the date of this order in which to file a Second Amended Complaint which cures the statutory standing deficiency by including Enemeez, Inc. as a plaintiff.

Defendant's request for the court to dismiss plaintiff's state trademark infringement claim in Count V and unjust enrichment claim in Count VII for lack of standing is DENIED without prejudice to renew in a motion for judgment on the pleadings or in its answer in the event plaintiff fails to amend its complaint as allowed above.

---

[44] Fed. R. Civ. P. 8(d)(2), (3).

[45] *See In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 411 n.11 (S.D.N.Y. 2011) (refusing to dismiss state law unjust enrichment claims because an adequate remedy at law existed, holding "[t]his argument is premature because Plaintiffs may plead in the alternative.").

[46] 572 F.3d 677 (9th Cir. 2009).

1 | Defendant's request for the court to dismiss plaintiff's unjust enrichment claim in
2 | Count VII for failure to state a claim for relief is DENIED.
3 | DATED this 23rd day of January 2013.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE