UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Alliance Labs, LLC,** | ) | |
| Plaintiff, | ) | 2:12-cv-00927 JWS |
| vs. | ) | **ORDER AND OPINION** |
| **Stratus Pharmaceuticals, Inc.,** | ) | **[Re: Motion at Docket 35]** |
| Defendants. | ) | |

## I.  MOTION PRESENTED

At docket 35, defendant Stratus Pharmaceuticals, Inc. ("Stratus" or "defendant") moves pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of the complaint.  Plaintiff Alliance Labs, LLC ("Alliance" or "plaintiff") opposes at docket 44, and defendant replies at docket 46.  Oral argument was not requested and would not assist the court.

## II.  BACKGROUND

Alliance is an Arizona company that markets and distributes enema products, including the Enemeez Mini Enema, the Enemeez Plus Mini Enema, and the Docusol Mini Enema.  Stratus is a Florida corporation that markets and distributes competing enema products such as the Vacuant Mini-Enema and the Vacuant Plus Mini-Enema.

Alliance alleges that Stratus's Vacuant products are "knock-offs" of its Enemeez products. Alliance maintains that Stratus has targeted its customers and represented Vacuant products to be less expensive than the Enemeez products, but equally effective. Alliance alleges that Stratus uses packaging that is virtually indistinguishable from the Enemeez packaging and that Stratus copied substantial portions of the Enemeez brochure to promote Vacuant products. Alliance also alleges that Stratus has misrepresented the number and quantities of active ingredients in the Vacuant products.

Alliance has asserted federal claims for false advertising under § 43(a)(1)(B) of the Lanham Act (Count I), unfair competition under § 43(a)(1)(A) of the Lanham Act (Count II), trademark infringement of Alliance's registered ENEMEEZ and DOCUSOL trademarks under § 32 of the Lanham Act (Count IV), and copyright infringement (Count VI). Alliance has asserted state law claims for unfair competition (Count III), trademark infringement (Count V), and unjust enrichment (Count VII).

Stratus filed this motion for a more definite statement of the complaint, arguing that it is a "shotgun" pleading that fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. It argues that it does not contain a short and plain statement of the claims and contains lengthy paragraphs that are not limited to a single set of circumstances. Alliance argues in response that this motion should not be allowed under Rule 12(g)(2) because Stratus already brought a Rule 12 motion to dismiss. It also argues that its complaint is not a "shotgun" pleading.

### III.  DISCUSSION

This Court concludes that Stratus's 12(e) motion is procedurally improper. Under Rule 12(g)(2), a party must consolidate all Rule 12 defenses in a single pre-answer motion to dismiss. Rule 12(g)(2) applies to motions for a more definite statement

brought under Rule 12(e).[1]  Therefore, Stratus waived its ability to challenge the sufficiency of the complaint.

Stratus urges the court to use its discretion to allow a Rule 12(e) motion or sua sponte order a more definite statement of the complaint, arguing that the complaint is a "shotgun" pleading that cannot be adequately answered.  The court declines to do so. First, a Rule 12(e) motion for a more definite statement is disfavored and rarely granted because of the minimal notice pleading requirements of the Federal Rules.[2]  A Rule 12(e) motion should be "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail."[3]  Courts will require a more definite statement only when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."[4]  The court concludes that the First Amended Complaint does not suffer from unintelligibility.  Stratus is fairly notified of the nature of the claims and any missing details could be obtained through discovery.

Second, Alliance's complaint is not a shotgun complaint simply because it incorporates by reference previous allegations.  A shotgun complaint is one in which a plaintiff brings every conceivable claim against every conceivable defendant.[5]  For

---

[1] *See DiMaria v. Silvester*, 89 F. Supp. 2d 195, 196 n.5 (D. Conn. 1999) (finding a Rule 12(e) motion waived under Rule 12(g) "because defendants failed to consolidate it with their previous Rule 12 motions to dismiss"); *Clark v. Associates Commercial Corp.*, 149 F.R.D. 629, 632 (D. Kan. 1993) (stating that Rule 12(e) motion for a more definite statement is not exempt from the rule requiring consolidation of all Rule 12 defenses and objections).

[2] *Margarita Cellars v. Pac. Coast Packaging*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *see also Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2008) (noting the limited situations in which a Rule 12(e) motion is appropriate).

[3] *Castillo,* 219 F.R.D. at 163 (internal quotations omitted).

[4] *Margarita Cellars,* 189 F.R.D. at 578 (internal quotations omitted).

[5] *Gurman v. Metro. Hous. & Redevelopment Auth.*, 842 F.Supp.2d 1151, 1153 (D. Minn. 2011).

example, in *Shehee v. California*[6] the district court found the complaint to be a shotgun complaint because the allegations in the complaint spanned more than twelve years, encompassed three federal venues, and sought damages against more than thirty named defendants, as well as "Does #1 through #100."  Alliance's complaint is not similarly broad, vague, or unintelligible.

## IV.  CONCLUSION

Based on the foregoing analysis, defendant's motion at docket 35 is DENIED.

DATED this 23rd day of January 2013.

>             /s/
> JOHN W. SEDWICK
> UNITED STATES DISTRICT JUDGE

---

[6]2010 WL 4880698, at *2 (E.D. Cal. Nov. 23, 2010).