**SAUL H. PERLOFF**
Texas Bar No. 00795128
*Pro Hac Vice*
sperloff@fulbright.com
**KATHARYN A. GRANT**
Texas Bar No. 24050683
*Pro Hac Vice*
kgrant@fulbright.com
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2100
San Antonio, Texas  78205-3792
Telephone:   (210) 224-5575

**DANIEL P. QUIGLEY** (SB # 009809)
dquigley@ckdqlaw.com
**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
The Camelback Esplanade I
2425 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
Telephone:   (602) 252-8400

**ATTORNEYS FOR PLAINTIFFS**
**ALLIANCE LABS, LLC AND ENEMEEZ, INC.**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Alliance Labs, LLC, an Arizona limited liability company, and Enemeez, Inc., an Arizona corporation, | ) ) ) ) | No.  CV-12-00927-PHX-JWS |
| Plaintiffs, | ) ) | **SECOND AMENDED COMPLAINT** |
| vs. | ) ) | **JURY DEMAND** |
| Stratus Pharmaceuticals, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | |

Plaintiffs  Alliance  Labs,  LLC  ("Alliance")  and  Enemeez,  Inc.  (collectively, "Plaintiffs")  file  this  Second  Amended  Complaint  against  Defendant  Stratus Pharmaceuticals, Inc. ("Stratus" or "Defendant") and in support thereof allege as follows:

## I.  PARTIES

1.     Plaintiff Alliance is a limited liability company organized and existing under the laws of Arizona and having its principal place of business at 2515 E. Rose Garden Lane # 1, Phoenix, Arizona 85050.  Alliance is the marketer and distributor of Enemeez® Mini Enema (hereinafter "ENEMEEZ"), Enemeez® Plus Mini Enema (hereinafter "ENEMEEZ PLUS") and Docusol® Mini Enema (hereinafter "DOCUSOL") under NDC # 17433-9876-03, NDC # 17433-9877-03, and NDC # 17433-9578-5 respectively.  ENEMEEZ and ENEMEEZ PLUS are used for bowel care by patients suffering from spinal cord injuries, cerebral vascular accidents, stroke, multiple sclerosis, spina bifida, closed head injuries and other diseases.

2.     Plaintiff Enemeez, Inc. is a corporation organized and existing under the laws of Arizona and having its principal place of business at 2515 E. Rose Garden Lane # 1, Phoenix, Arizona 85050.  Enemeez, Inc. is the manufacturer of ENEMEEZ, ENEMEEZ PLUS and DOCUSOL for Alliance.

3.     Defendant Stratus is a corporation organized under the laws of Florida and having its principal place of business at 12379 Southwest 130th Street, Miami, Florida 33186.  Stratus markets and distributes "Vacuant™ Mini-Enema" and "Vacuant™ Plus Mini-Enema," (hereinafter "Vacuant" and "Vacuant Plus") under NDC # 58980-401-05 and NDC # 58980-402-05, respectively.  Stratus may be served with process by serving a copy of the Complaint on its Registered Agent, Juan Carlos Billoch at 9766 SW 111th Terrace, Miami, Florida  33176.

## II. JURISDICTION AND VENUE

4.     This is an action for false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; for unfair competition and trademark infringement under A.R.S. §§44-1441 *et seq*., the common law of Arizona and other states in which

Defendants are conducting their activities; for copyright infringement and for unjust enrichment.

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202 and 15 U.S.C. §§ 1051, *et seq*.

6.   This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of supplemental jurisdiction.

7.   The exercise of personal jurisdiction in Arizona is proper because Alliance is an Arizona limited liability company, and Enemeez, Inc. is an Arizona corporation, and both Plaintiffs regularly transacts business in the District of Arizona.  Moreover, acts giving rise to Plaintiffs' causes of action have occurred in the District of Arizona.  Specifically, Stratus markets, promotes, advertises, offers for sale, sells, and/or distributes Vacuant and Vacuant Plus to customers including wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations and/or others throughout the United States, including in the District of Arizona.  Stratus has purposefully and voluntarily placed Vacuant and Vacuant Plus into the stream of commerce with the expectation that they will be purchased by consumers in the District of Arizona.  Furthermore, Stratus falsely promotes Vacuant and Vacuant Plus to customers including wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations and/or others throughout the United States, including in the District of Arizona.

8.   Venue is proper in the District of Arizona pursuant to under 28 U.S.C. §§ 1391 and 1400(b).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   FACTUAL BACKGROUND

**(a) Alliance Distributes ENEMEEZ and ENEMEEZ PLUS for Patients Suffering Spinal Cord Injuries and Neurological Disease**

9.     Headquartered in Phoenix, Arizona, Alliance is a pharmaceutical company specializing in the development, marketing and sales of products for improving bowel care among patients suffering from spinal cord injuries and neurological impairments resulting from multiple sclerosis, traumatic brain injury, spina bifida, stroke and other diseases.

10.     After brain or spinal cord injury, nerve impulses from the rectum to the brain that signal the need to have a bowel movement may be interrupted or blocked.  As a result, patients may not feel the urge to defecate and/or may not have control of the muscles that move the bowel.  Attendant changes in diet and activity levels, and cognitive skills, such as attention, self-awareness, and memory, can also interfere with bowel regulation.  Lack of bowel regulation can, in turn, cause diarrhea, constipation, or impaction of the stool.

11.     For people with limited mobility as a result of brain or spinal cord injury, the difficulty of evacuating their bowels is a process that can consume hours of their day. This problem not only poses debilitating health results, but studies indicate the issue impacts time and costs of skilled nursing facility staff who care for people affected by this problem.

12.     The issue of incontinence is further complicated by many of the available treatment options.  For example, full-size enemas are irritating to the bowels and can cause autonomic dysreflexia[1].  Likewise, chronic use of stimulant laxatives may damage the colon, worsen constipation and cause malabsorption or dehydration in the elderly.

---

[1] Autonomic dysreflexia is a potentially life threatening condition that can occur in spinal cord injured individuals in response to painful stimulation of the bladder and bowel.  It is characterized by episodic high blood pressure associated with throbbing headaches, profuse sweating, flushing of the skin, a slowed heart rate, apprehension and anxiety.

13.     Plaintiffs' products are designed to relieve constipation, reduce bowel accidents and incontinence, and improve the health and well-being of bedridden patients and those patients with decreased mobility, while avoiding the undesirable side effects of associated with other treatment options.

14.     In 2002, Alliance's corporate predecessor, RSJ Inc., d/b/a Western Research Laboratories ("RSJ"), introduced its rectal mini-enema product, ENEMEEZ.[2] ENEMEEZ is an non-prescription stool softener (emollient) that comes in a small (5 cc), disposable, latex-free plastic, single-dose tube for insertion into the rectum.  The ampule is designed with a twist-off tip for ease of use by patients with limited dexterity, that leaves a smooth surface at the point of insertion to eliminate rectal tearing.  The small size of the ENEMEEZ enema makes it easy to use without compromising its effectiveness.

15.     Each ENEMEEZ unit is formulated to contain 283 mg of the active ingredient docusate sodium, in a medicinal soft soap base containing predominantly polyethylene glycol together with a small amount of glycerin.  A copy of the ENEMEEZ package insert is provided as Exhibit A.  The docusate sodium acts as a softener by preparing the stool to readily mix with watery fluids.  The increased mass of stool promotes a bowel evacuation by stimulating nerve endings in the bowel lining and initiating organized muscle contractions to push the stool out of the body.

16.     In 2003, RSJ introduced ENEMEEZ PLUS.  ENEMEEZ PLUS uses the same formula as ENEMEEZ with the addition of 20 mg of benzocaine, a local anesthetic commonly used as a topical pain reliever, for patients who experience pain or autonomic dysreflexia during bowel care programs.  A copy of the ENEMEEZ PLUS package insert is provided as Exhibit B.

---

[2] The docusate sodium product used in ENEMEEZ has been on the market for more than twenty years.  The original product was called Theravac.  ENEMEEZ has the same formulation as Theravac, but uses a superior delivery system.

SECOND AMENDED COMPLAINT – PAGE 5

17.     In 2004, RSJ introduced DOCUSOL.  DOCUSOL uses the same formula and delivery system as ENEMEEZ, but whereas ENEMEEZ and ENEMEEZ PLUS are sold in 30-count packages, DOCUSOL is sold in five-count packages, primarily through retail pharmacies and on-line pharmacy retail sites such as Drugstore.com, Amazon.com and others. [3]

18.     ENEMEEZ and ENEMEEZ PLUS have been successfully used for bowel care and in bowel training programs in hundreds of Veterans Administration (VA) Hospitals, Model System Centers and Commission on Accreditation of Rehabilitation Facilities (CARF) accredited acute rehabilitation hospitals across the country, in patients suffering spinal cord injuries, cerebral vascular accidents, fractures, stroke, multiple sclerosis, spina bifida, joint replacements, cancer and closed head injuries.  Through surveys of ENEMEEZ users, Alliance determined that the use of these products typically produces bowel evacuation in 15-20 minutes, and virtually eliminates episodes of incontinence, reducing the potential for wound contamination and complications for patients with perineal pressure ulcers.[4]

19.     ENEMEEZ, ENEMEEZ PLUS and DOCUSOL are manufactured for Alliance by Enemeez, Inc. in an FDA-registered facility with a superior record of compliance with current Good Manufacturing Practices (cGMP).  Alliance has expended extensive resources in the development, production and marketing of its ENEMEEZ products, and educational materials and brochures for consumers and health care providers concerning the use and benefits of ENEMEEZ and ENEMEEZ PLUS. Alliance has created, among other items, original, copyrightable brochures, charts and presentations that it provides to patients and healthcare providers, outlining the benefits

---

[3] Laxative drug product containing stool softeners are the subject of a proposed amendment to the FDA's tentative final monograph for over-the-counter laxative drug products.
[4] Perineal pressure ulcers, or "bedsores" appearing on the buttocks, are especially common and dangerous for patients who are bedridden or wheelchair dependent.

of ENEMEEZ and ENEMEEZ PLUS and describing how they are used.  Alliance's brochures, charts and presentations (collectively, the "ENEMEEZ Brochures").  Alliance owns valid and subsisting copyrights in and to the ENEMEEZ Brochures, and the ENEMEEZ Brochures are original works of authorship.  On April 25, 2012, Alliance registered the ENEMEEZ Data Clinical Brochure (*see* Exhibit C) and the ENEMEEZ Diet & Bowel Chart (*see* Exhibit D) with the Register of Copyrights.  The April 25, 2012 Certificates of Registration for these brochures bear the numbers TX 7-512-274 (ENEMEEZ Data Clinical Brochure) and TX 7-512-347 (ENEMEEZ Diet & Bowel Chart), collectively attached hereto as Exhibit E.  On April 26, 2012, Alliance registered the ENEMEEZ Brochure (*see* Exhibit F) and the ENEMEEZ In-Service Presentation (*see* Exhibit G) with the Register of Copyrights.   The April 26, 2012 Certificates of Registration for these brochures bear the numbers TX 7-535-563 and TX 7-535-572, collectively attached hereto as Exhibit H.

20.     Although ENEMEEZ can be purchased without a prescription, it is used on a long-term basis as part of a bowel care program by patients with spinal cord injuries, cerebral vascular accidents, fractures, stroke, multiple sclerosis, spina bifida, joint replacements, cancer treatments and closed head injuries.  Because long-term use of laxatives should be under the direction of a doctor, Alliance markets ENEMEEZ to doctors and specialists who recommend ENEMEEZ for their patients by name.

21.     Enemeez, Inc. owns a number of federal registrations for the ENEMEEZ, ENEMEEZ PLUS and DOCUSOL marks on the Principal Register of the United States Patent and Trademark Office.  These registrations include the following:

| MARK | REG. NO. | REG. DATE | GOODS AND SERVICES |
| --- | --- | --- | --- |
| ENEMEEZ | 2,716,233 | May 13, 2003 | Enema preparations (First Use 7/15/02) |
| ENEMEEZ PLUS | 2,750,865 | Aug. 12, 2003 | Enema preparations; enema apparatuses (First Use 3/01/03) |
| DOCUSOL | 2,915,206 | Dec. 28, 2004 | Enema preparations; enema apparatuses (First Use 7/07/04) |

SECOND AMENDED COMPLAINT – PAGE 7

These marks are incontestable pursuant to 15 U.S.C. § 1065.  By a license agreement with Enemeez, Inc., Alliance holds the right to use the trademarks ENEMEEZ, ENEMEEZ PLUS and DOCUSOL in the U.S.

22.     ENEMEEZ and ENEMEEZ PLUS have achieved success as rectal laxative products.  Alliance has sold in excess of 473,000 units of ENEMEEZ and ENEMEEZ Plus between March 2004 and March 2012.  ENEMEEZ and ENEMEEZ PLUS are covered in 60% of the states by Medicaid, are covered by many private insurance plans and are listed on the VA National Formulary.

23.     Over the years, Alliance has invested hundreds of thousands of dollars in advertising and promoting its goods and services under the ENEMEEZ, ENEMEEZ PLUS and DOCUSOL Marks.

24.     Alliance also promotes ENEMEEZ and ENEMEEZ PLUS via its website located at www.enemeez.com.

25.     As a result of extensive use, advertising, marketing and promotion of the ENEMEEZ, ENEMEEZ PLUS and DOCUSOL Marks by Alliance, these marks have become famous, distinctive and well-known among the general public and in particular, among purchasers of neurogenic bowel and laxative products.

26.     As a result of these marketing efforts, valuable goodwill and common law rights have been developed in the ENEMEEZ, ENEMEEZ PLUS and DOCUSOL Marks in Arizona and throughout the entire United States.

27.     The ENEMEEZ, ENEMEEZ PLUS and DOCUSOL Marks are distinctive, and serve to identify and indicate the source of Alliance-branded products and services to the consuming public throughout the United States.  Moreover, the ENEMEEZ, ENEMEEZ PLUS and DOCUSOL Marks distinguish Alliance-branded products and services from the products and services of other manufacturers and retailers.

**(b)     Defendant's Knock-Off Products**

28.     Stratus is not in any way affiliated with Alliance or Enemeez, Inc.

29.     Stratus is a Florida-based pharmaceutical company that touts itself as offering a "diverse line of prescription products specializing in Dermatology, Plastic Surgery, Wound Care and Podiatry." It develops, manufactures, markets and sells what it calls "reasonable priced alternatives that contribute to the cost containment of pharmaceuticals."

30.     Stratus promotes, markets, sells and distributes its products nationwide, including Arizona.

31.     Upon information and belief, sometime in 2011, Stratus saw an opportunity to exploit the reputation and success of ENEMEEZ and ENEMEEZ PLUS, by creating knock-off rectal laxative products. Specifically, Stratus engaged in the distribution, marketing, sale and/or offer for sale of Vacuant and Vacuant Plus. Upon information and belief, prior to launching Vacuant and Vacuant Plus, Stratus did not spend the time and resources necessary to ensure that its products would be as effective and well-made as ENEMEEZ and ENEMEEZ PLUS.

32.     Stratus nevertheless markets Vacuant and Vacuant Plus to drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations and others as an equivalent product to ENEMEEZ and ENEMEEZ PLUS. Through at least their labels, product inserts, product description forms and other marketing materials, Defendant has represented that Vacuant and Vacuant Plus are equivalent to and use the same active ingredients as ENEMEEZ and ENEMEEZ PLUS in the same amounts. Specifically, Defendant has represented that Vacuant and Vacuant Plus are generic and equivalent to ENEMEEZ and ENEMEEZ PLUS and are formulated to contain 283 mg of the active ingredient docusate sodium in each tube. A copy of the Vacuant label is provided as Exhibit I.

33.     As part of its commercial advertising and promotional efforts, Stratus distributes brochures for Vacuant and Vacuant Plus to its customers in interstate

commerce.  *See* Exhibit J.  Rather than creating its own content for its Vacuant brochure, Stratus copied substantial portions of Plaintiff's EMENEEZ Brochures.

34.     Defendant has also deliberately mimicked ENEMEEZ and ENEMEEZ PLUS' packaging.  Like ENEMEEZ and ENEMEEZ PLUS, Vacuant and Vacuant Plus are sold in 30-count packages, consisting of short white cylindrical bottles with white caps.  Anyone who does not pay close attention to the details of the label would easily mistake a bottle of Vacuant and Vacuant Plus for ENEMEEZ or ENEMEEZ PLUS.

35.     Defendant's product brochures for Vacuant and Vacuant Plus further state that

- "Vacuant and Vacuant Plus neurogenic bowel management programs is recommended in acute rehabilitation patients with such diagnoses as spinal cord injuries, cerebral vascular accidents, fractures, stroke, multiple sclerosis, spina bifida, joint replacements and closed head injuries."

- "Vacuant formulations results in faster and more predictable bowel routine along with reducing bowel accidents and incontinence."

- Vacuant produces "no mucosal discharge."

- Vacuant has "no after burn sensation."

Upon information and belief, these claims are unsubstantiated.

36.     In its commercial advertising and promotion to drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations, drug databases and/or others – including labeling, contract pricing proposals, offers and other communications – Stratus has made no effort to differentiate Vacuant and Vacuant Plus from EMENEEZ, EMENEEZ PLUS or DOCUSOL other than on the basis of price.  Stratus has induced these entities to "link" Vacuant and Vacuant Plus to ENEMEEZ and ENEMEEZ PLUS as generic and equivalent products.

37.     Stratus seeks to capture market share for itself by encouraging drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies,

managed care organizations, hospitals, government purchasing organizations, healthcare providers and/or others to pay for, purchase, recommend and dispense Vacuant and Vacuant Plus instead of and in place of ENEMEEZ and ENEMEEZ PLUS.

38.     Defendant's efforts have had their intended effect; based upon Defendant's commercial advertising and promotion in interstate commerce, drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations, healthcare providers and/or others in the District of Arizona and across the country pay for, purchase, and dispense Vacuant and Vacuant Plus.  At the same time, drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations, healthcare providers and/or others in the District of Arizona and across the country have ceased paying for, purchasing, recommending and/or dispensing ENEMEEZ and ENEMEEZ PLUS.  This would not occur unless Defendant had successfully created the false impression among drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations, healthcare providers and/or others that Vacuant and Vacuant Plus have the same active ingredients in the same amounts, are formulated in the same way as ENEMEEZ and ENEMEEZ PLUS; are effective for producing rapid bowel movements and/or reducing bowel accidents and incontinence; and equivalent to and have the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS but are cheaper.

**(c) Defendant's Advertising is Literally False and Misleading**

39.     Notwithstanding Stratus' advertising and promotional claims on its products' labels, package inserts, proposals, offers and in other documents, Vacuant and Vacuant Plus are not generic or equivalent to ENEMEEZ and ENEMEEZ PLUS; they do not have the same formulation as, and have not been proven as effective as ENEMEEZ and ENEMEEZ PLUS.

40.     To begin with, Vacuant and Vacuant Plus do not contain the same amounts of the same active ingredients as ENEMEEZ and ENEMEEZ PLUS.  Although Stratus advertises and promotes Vacuant and Vacuant Plus as containing 283 mg of docusate sodium/tube as the active laxative ingredient, laboratory testing shows that these products contain far different amounts of this ingredient.  Laboratory tests of two samples of Vacuant have shown that these samples contained only 245 mg and 232 mg of docusate sodium/tube, or 86.7% and 82.0% of the labeled amount.  In contrast, Vacuant Plus was found to contain nearly 355 mg of docusate sodium/tube, or more than 125% of the labeled amount.  These values are outside the industry accepted 90-110% content range (limits) for active ingredients used for most finished pharmaceutical products.

41.     Additionally, laboratory testing shows that some lots of Vacuant have actually contained a second active laxative ingredient.  The ENEMEEZ products are formulated with a single active laxative ingredient – docusate sodium.  In contrast, some lots of Vacuant and Vacuant Plus have contained between 4000 and 5800 mg of glycerin/tube.  As a result, these lots of Vacuant and Vacuant Plus are much thicker and more syrupy than ENEMEEZ and ENEMEEZ PLUS.  More importantly, the quantity of glycerin in these lots of Vacuant and Vacuant Plus is at the dosage level established to provide a laxative effect.  In other words, these lots of Vacuant and Vacuant Plus actually contain two, not one, active laxative ingredients:  docusate sodium and glycerin.  Neither the Vacuant nor the Vacuant Plus label has ever listed glycerin as an active ingredient.

42.     On information and belief, Defendant has performed no human testing on Vacuant or Vacuant Plus to determine their products' efficacy in producing bowel movements, or reducing bowel accidents, incontinence, mucosal discharge or "after burn."

43.     In fact, it is well known that glycerin administered rectally in therapeutic doses produces rectal discomfort or a burning sensation in some individuals and products containing glycerin in these amounts like are required to bear a warning to this effect.

Defendant not only omits this warning from its Vacuant products, it falsely advertises and promotes Vacuant as having "no after burn sensation."

44.    Plaintiffs do not and cannot control the safety, effectiveness or quality of Defendant's product.   Thus, doctors and patients who suffer bad experiences with Vacuant and Vacuant Plus that is purchased and used in place of ENEMEEZ and/or ENEMEEZ PLUS are likely to think less of both Alliance and ENEMEEZ and ENEMEEZ PLUS.

**(d) Defendant's Infringing Activities**

45.    Stratus promotes Vacuant and Vacuant Plus through its Internet website at http://www.vacuantenema.com/index.html, as shown in Exhibit K.

46.    Plaintiffs recently learned that the source code of Stratus' website uses "Enemeeze," "Enemeeze Generic" and "Docusol" as meta keywords for that site, as shown in Exhibit L.

47.    Stratus intentionally included DOCUSOL and misspellings of the ENEMEEZ Marks as metatags for its website in order to attract users searching for Alliance's ENEMEEZ, ENEMEEZ Plus and DOCUSOL products.

48.    Stratus' intentional and unauthorized use of ENEMEEZ and DOCUSOL in connection with its rectal laxative products is likely to cause confusion, or to cause mistake, or to deceive customers as to the source, sponsorship, or approval by Plaintiffs of Stratus' products.

49.    By using Plaintiffs' ENEMEEZ and DOCUSOL Marks, Stratus is able to trade on and receive the benefit of the goodwill built up by Alliance at great effort and expense.   On information and belief, Stratus is gaining acceptance for its rectal enema products not on its own merit, but on the reputation and goodwill of Plaintiffs and their ENEMEEZ and DOCUSOL Marks.

50.    Customers are likely to believe that Stratus' products are associated with, sponsored by, or affiliated with Plaintiffs.   For instance, consumers are likely to visit

Stratus' Vacuant website due to initial interest confusion with Plaintiffs and their ENEMEEZ and DOCUSOL Marks.

51.    Plaintiffs are likely to suffer if their products are associated with Stratus' and a customer is dissatisfied with Vacuant or Vacuant Plus.

52.    Stratus is willfully passing off its rectal enema products as being associated with, sponsored by, or endorsed by Plaintiffs.

53.    Stratus is unjustly enriched at Plaintiffs' expense by its unauthorized use of Plaintiffs' ENEMEEZ and DOCUSOL Marks.

54.    Unless the acts of Stratus are restrained by this Court they will continue, and they will continue to cause irreparable injury to Plaintiffs and to the consumer public for which there is no adequate remedy at law.

### IV.  COUNT I:  FALSE ADVERTISING IN VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)(1)(B)

55.    Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-54 above, inclusive.

56.    Stratus' product labels, package inserts and other promotional marketing materials, which state that Vacuant and Vacuant Plus are generic and equivalent products to ENEMEEZ and ENEMEEZ PLUS, and which state that Vacuant and Vacuant Plus use 283 mg of docusate sodium as the sole active ingredient, are effective in producing rapid bowel movements and/or reducing bowel accidents and incontinence, and offer the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS, are materially false statements that misrepresent the nature, characteristics and qualities of these products.  These are material misrepresentations upon which at least the public, marketplace, healthcare providers, pharmacists, customers or potential customers have relied, and will rely. Stratus' actions therefore mislead and harm customers and consumers, among others, as well as damage Plaintiffs' sales, good name and reputation in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

57.     Stratus is also liable for false advertising under the Lanham Act because it has induced, knows, or has reason to know that third parties including drug databases, wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations and others falsely describe VACUANT as a generic and equivalent product to ENEMEEZ and ENEMEEZ PLUS and/or as using the same ingredients in the same amounts, having the same formulation and effectiveness, and offering the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS but continues to supply Vacuant and Vacuant Plus to those entities.

58.     By reason of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, damage to their businesses, reputations and goodwill.  Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to damages for Defendant's Lanham Act violations, in an amount to be determined at trial, and recovery of Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

59.     Defendant's acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiffs to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

60.     Unless enjoined by this Court, Defendant's acts will irreparably injure Plaintiffs' goodwill and erode their market share.  Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing acts.

**V. COUNT II:  FEDERAL UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT, 15 U.S.C. § 1125(A)(1)(A)**

61.     Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-60 above, inclusive.

62.   Plaintiffs have become uniquely associated with ENEMEEZ and ENEMEEZ PLUS, and the public identifies Plaintiffs as the source for ENEMEEZ and ENEMEEZ PLUS.

63.   Stratus has marketed and continues to market its inferior knock-off laxatives as using the same ingredients in the same amounts, having the same formulation and effectiveness, and offering the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS, and in doing so, has deceived, misled and confused consumers.  This has enabled Stratus to trade off of Plaintiffs' reputation and good will.

64.   Stratus' acts constitute unfair competition in violation of Section 43(a) of the Lanham Act.

65.   Stratus is also liable for unfair competition under the Lanham Act because it has induced, knows or has reason to know that third parties, including drug databases, wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations and others falsely describe VACUANT as a generic and equivalent product to ENEMEEZ and ENEMEEZ PLUS and/or as using the same ingredients in the same amounts, having the same formulation and effectiveness, and offering the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS, but continues to supply Vacuant and Vacuant Plus to those entities.

66.   By reason of Defendant's conduct, Plaintiffs have suffered, and will continue to suffer, damage to their businesses, reputations and goodwill.  Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to damages for Defendant's Lanham Act violations, an accounting of profits made by Defendant on sales of Vacuant and Vacuant Plus, and recovery of Plaintiffs' costs for this action.

67.   Defendant's acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiffs to recover additional damages and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

68.     Unless enjoined by this Court, Defendant's acts will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law.  Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent Defendant's continuing acts.

### VI. COUNT III:  COMMON LAW UNFAIR COMPETITION

69.     Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-68 above, inclusive.

70.     With full knowledge of Plaintiffs' ENEMEEZ and ENEMEEZ PLUS, Stratus has made false and misleading explicit and implicit representations to drug databases, wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations, healthcare providers, pharmacists, patients and others, that its products have same ingredients in the same amounts, have the same formulation and effectiveness, and offer the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS, and that they can be used in place of ENEMEEZ and ENEMEEZ PLUS with the same results.

71.     Stratus' selective and misleading comparisons of Vacuant and Vacuant Plus with ENEMEEZ and ENEMEEZ PLUS, and omission of relevant facts, are likely to cause confusion, mistake or deception about the nature, characteristics and qualities of its products in comparison, connection or association with ENEMEEZ and ENEMEEZ PLUS.

72.     Stratus knows, or in the exercise of reasonable discretion should know, that its marketing program encourages the sale and substitution of its knock-off products in place of ENEMEEZ and ENEMEEZ PLUS, and the deception of drug databases, wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations, health care providers, pharmacists, patients, and others, about the nature, characteristics, and

qualities of Vacuant and Vacuant Plus in comparison, connection, or association with ENEMEEZ and ENEMEEZ PLUS.

73.     Stratus' actions are willful and have been undertaken with the purpose of deceiving consumers.

74.     Additionally, Stratus is contributorily liable for unfair competition because it has induced, knows or has reason to know that third parties, including drug databases, wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, government purchasing organizations and others falsely describe VACUANT as a generic and equivalent product to ENEMEEZ and ENEMEEZ PLUS and/or as using same ingredients in the same amounts, having the same formulation and effectiveness in producing rapid bowel movements and/or reducing bowel accidents and incontinence, and offering the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS, yet aided and abetted those violations by continuing to supply Vacant and Vacuant Plus to those entities.

75.     As a result of such conduct, Defendant has caused, and unless enjoined by this Court, will continue to cause consumer confusion as to the equivalence of its knock-off products with ENEMEEZ and ENEMEEZ PLUS.

76.     Plaintiffs are entitled to damages for Defendant's unfair competition, an accounting of profits made on sales of Vacuant and Vacuant Plus, and recovery of Plaintiffs' costs of this action.

77.     As a result of Defendant's conduct, Plaintiffs have suffered, and unless such acts and practices are enjoined by this Court, will continue to suffer damage to their businesses, reputations and goodwill for which they are entitled to relief.

## VII.   COUNT IV:  TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(a)

78.     Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-77 above, inclusive.

SECOND AMENDED COMPLAINT – PAGE 18

79.    The acts of Defendant complained of herein constitute infringement of Enemeez, Inc.'s federally registered ENEMEEZ, and DOCUSOL Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(a).

80.    Defendant's acts have been willful and in bad faith, with full knowledge of Enemeez, Inc.'s rights in the ENEMEEZ and DOCUSOL Marks.  Therefore, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

### VIII.   COUNT V: STATE LAW TRADEMARK INFRINGEMENT

81.    Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-80 above, inclusive.

82.    The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Arizona and A.R.S. § 44-1441 *et seq*. and the common law of other States in which Defendant is conducting its activities.

### IX.    COUNT VI: COPYRIGHT INFRINGEMENT

83.    Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-82 above, inclusive.

84.    The ENEMEEZ Brochures are original, copyrightable subject matter under the laws of the United States and Alliance owns valid and subsisting copyrights in and to the ENEMEEZ Brochures.

85.    Alliance has filed copyright applications, together with the requisite filing fees and deposit materials encompassing the ENEMEEZ Brochures, with the United States Copyright Office.

86.    Alliance's copyrights in the ENEMEEZ Brochures are valuable assets and integral to Alliance's marketing and sales of the ENEMEEZ and ENEMEEZ PLUS products.

SECOND AMENDED COMPLAINT – PAGE 19

87.     By copying and using the ENEMEEZ Brochures without authorization from Alliance, Defendant is committing copyright infringement in violation of the exclusive rights that Alliance owns pursuant to the Copyright Act, 17 U.S.C. § 106.

88.     Defendant's copyright infringement is knowing, intentional, deliberate and willful and with full knowledge and in conscious disregard of Alliance's copyrights.

89.     As a result of the Defendant's acts of infringement, Alliance is now suffering irreparable harm for which there is no remedy at law.  Unless and until the Defendant is enjoined by this Court, the Defendant will continue to commit acts of infringement and will continue to cause irreparable harm to Alliance.  Alliance is entitled to injunctive relief pursuant to 17 U.S.C. § 502.

90.     As a result of the Defendant's acts of infringement, Alliance is entitled to recover its actual damages and any additional profits of Defendant pursuant to 17 U.S.C. § 504(b).

## X.  COUNT VII: UNJUST ENRICHMENT

91.     Plaintiffs incorporate herein and reallege, as if fully set forth in this Paragraph, the allegations of Paragraphs 1-90 above, inclusive.

92.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiffs under the common law of the State of Arizona.

## XI.    JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

## XII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.     A judgment and order that Defendant, its agents, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be preliminarily and permanently enjoined from directly or indirectly falsely

SECOND AMENDED COMPLAINT – PAGE 20

advertising or promoting Vacuant or Vacuant Plus or inducing others to use Vacuant and/or Vacuant Plus in place of or in lieu of ENEMEEZ or ENEMEEZ PLUS;

B.     A judgment and order that Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all others in active concert or participation with them, be preliminarily and permanently enjoined from making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of Vacuant or Vacuant Plus in such fashion as to suggest that such products contain 283 mg docusate sodium; that they are effective for producing rapid bowel movements and/or reducing bowel accidents and incontinence; and/or that they offer the same clinical benefits as ENEMEEZ and ENEMEEZ PLUS respectively;

C.     A judgment and order that Defendant must take corrective action to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Vacuant or Vacuant Plus, or ENEMEEZ and ENEMEEZ PLUS; including without limitation the placement of corrective advertising;

D.     A judgment and order granting Plaintiffs such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression concerning the nature, characteristics, qualities or benefits of Defendant's products;

E.     Enter a preliminary and a permanent injunction that prohibits Defendant, its agents, servants, employees, attorneys, assigns and all persons in concert or participation with them, from using "ENEMEEZ," "ENEMEEZ PLUS" or "DOCUSOL" or any

variation, misspelling, phonetic equivalent or formative thereof as a metatag in connection with a website or as a keyword or adword to trigger an advertising spot on internet search engines.

F.      Enter a preliminary and a permanent injunction, as specifically provided by 17 U.S.C. § 502 and any other applicable law, that prohibits the Defendant, its agents, servants, employees, attorneys, assigns and all persons in concert or participation with them, from infringing in any manner Alliance's existing or future copyrights by copying, duplicating, distributing, posting, displaying, advertising, selling, adapting, publishing, reproducing, preparing derivative works based on, renting, leasing, offering or otherwise transferring or communicating in any manner, orally or in written, printed, audio, electronic, photographic, machine-readable or other form, including but not limited to any publication on the internet, or communication to any agent, representative, employee, member, person or affiliate, or in written or downloadable electronic materials, any brochures or other promotional materials that are identical or substantially similar to actual, copyrighted promotional materials or brochures for ENEMEEZ or ENEMEEZ PLUS or aiding, abetting, or licensing any other person to do the same;

G.      Enter an order, as specifically provided for in 17 U.S.C. § 503, impounding in unencrypted, plain text format:

a.   all copies of all Vacuant and/or Vacuant Plus brochures, pamphlets, flyers and other promotional materials that are used by the Defendant and that contain materials that infringe Alliance's copyrights, and

b.   all plates, molds, matrices, masters, tapes, disks, hardware, software and other articles for reproducing such infringing copies;

H.   Enter an order, as specifically provided by 17 U.S.C. § 503, for destruction of all infringing copies of materials that include all or any part of any copyrighted ENEMEEZ or ENEMEEZ Plus promotional materials;

I.   A judgment and order requiring Defendant to pay Plaintiffs damages in an amount sufficient to compensate Plaintiffs for injuries they have sustained as a consequence of Defendant's unlawful acts;

J.   A judgment and order finding that this is an exceptional case and requiring Defendant to pay Plaintiffs additional damages equal to three times the actual damages awarded Plaintiffs pursuant to 15 U.S.C. § 1117(a);

K.   A judgment and order requiring Defendant to pay the costs of this action under 15 U.S.C. § 1117(a);

L.   The Court enter an order finding that Defendant acted maliciously, wantonly and/or fraudulently, requiring Defendant to pay Plaintiffs punitive damages pursuant to the common law of the State of Arizona;

M.   An accounting be directed to determine Defendant's profits resulting from its illegal activities and such profits be paid over to Plaintiffs, increased as the Court finds to be just under the circumstances of this case pursuant to 15 U.S.C. § 1117(a);

N.   A judgment and order requiring Defendant to pay Plaintiffs pre-judgment and post-judgment interest on the damages awarded; and

O.   Such other and further relief as the Court deems just and equitable.

1    Dated January 30, 2013          Respectfully submitted,

2                                    By:   *s/Kathy Grant*

3                                          **Saul H. Perloff**
                                           Texas Bar No. 00795128
4                                          *Pro Hac Vice*
                                           **Katharyn A. Grant**
5                                          Texas Bar No. 24050683
                                           *Pro Hac Vice*
6
                                     **FULBRIGHT & JAWORSKI L.L.P.**
7                                    300 Convent Street, Suite 2100
                                     San Antonio, Texas  78205-3792
8                                    Telephone (210) 224-5575
                                     sperloff@fulbright.com
9                                    kgrant@fulbright.com

10

11                                         **Daniel P. Quigley**
                                           Arizona Bar No. 009809
12                                   **COHEN KENNEDY DOWD &**
                                       **QUIGLEY, P.C.**
13
                                     The Camelback Esplanade I
14                                   2425 East Camelback Road, Suite 1100
                                     Phoenix, Arizona  85016
15                                   Telephone (602) 252-8400
                                     dquigley@ckdqlaw.com
16

17                                   **ATTORNEYS FOR PLAINTIFFS**
                                     **ALLIANCE LABS, LLC**
18                                   **AND ENEMEEZ, INC**

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT – PAGE 24