**SAUL H. PERLOFF** – Admitted *Pro Hac Vice*
Texas Bar No. 00795128
sperloff@fulbright.com
**KATHARYN A. GRANT** – Admitted *Pro Hac Vice*
Texas Bar No. 24050683
kgrant@fulbright.com
**FULBRIGHT & JAWORSKI L.L.P.**
300 Convent Street, Suite 2100
San Antonio, Texas  78205-3792
Telephone:   (210) 224-5575

**DANIEL P. QUIGLEY** (SB # 009809)
dquigley@ckdqlaw.com
**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
The Camelback Esplanade I
2425 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
Telephone:   (602) 252-8400

ATTORNEYS FOR PLAINTIFFS ALLIANCE LABS, LLC AND ENEMEEZ, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Alliance Labs, LLC, an Arizona limited liability company, and Enemeez, Inc., an Arizona corporation,<br><br>    Plaintiffs/Counter-Defendants,<br><br>vs.<br><br>Stratus Pharmaceuticals, Inc., a Florida corporation,<br><br>    Defendant/Counter-Plaintiff. | Case No.  CV-12-00927-JWS<br><br>**PLAINTIFFS ALLIANCE LABS, LLC AND ENEMEEZ, INC.'S ANSWER TO DEFENDANT STRATUS PHARMACEUTICALS, INC.'S COUNTERCLAIMS** |

Counter-Defendants Alliance Labs, LLC and Enemeez, Inc. (collectively, "Alliance" or "Plaintiffs") deny each and every allegation of the Counterclaims (Doc. 112) filed by Counter-Plaintiff Stratus Pharmaceuticals, Inc., ("Stratus") except as specifically admitted herein.  Alliance answers Stratus' Counterclaims as follows:

PAGE 1

## PARTIES

1. Alliance admits the allegations of paragraph 1 of the Counterclaim.

2. Alliance admits the allegations of paragraph 2 of the Counterclaim.

3. Alliance admits the allegations of paragraph 3 of the Counterclaim.

## JURISDICTION AND VENUE

4. The allegations contained in paragraph 4 of the Counterclaim are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Alliance denies each and every allegation contained in said paragraph.

5. The allegations contained in paragraph 5 of the Counterclaim are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Alliance denies each and every allegation contained in said paragraph.

6. The allegations contained in paragraph 6 of the Counterclaim are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Alliance admits that the Court has personal jurisdiction over Alliance and that venue is proper.

## FACTUAL BACKGROUND

7. Paragraph 7 is omitted from the Counterclaim.

8. Paragraph 8 is omitted from the Counterclaim.

9. Alliance denies the allegations of paragraph 9 as stated. Alliance admits that it manufactures, markets and sells ENEMEEZ and ENEMEEZ PLUS, which are labeled as providing 283 mg docusate sodium, and that Stratus manufactures, markets and sells Vacuant and Vacuant Plus, which are labeled as providing 283 mg docusate sodium.

However, Alliance denies the allegations of (mis-numbered) paragraph 9 to the extent they imply that Vacuant and Vacuant Plus were marketed first, that Vacuant and Vacuant Plus actually provide 283 mg docusate sodium, or that Vacuant and Vacuant Plus are in any way equivalent to ENEMEEZ and ENEMEEZ PLUS.

   10. Alliance admits the allegations of paragraph 10 of the Counterclaim.

   11. Alliance admits the allegations of paragraph 11 of the Counterclaim.

   12. Alliance admits the allegations of paragraph 12 of the Counterclaim.

   13. Alliance admits the allegations of paragraph 13 of the Counterclaim.

   14. Alliance denies the allegations of paragraph 14 of the Counterclaim.

   15. Alliance denies the allegations of paragraph 15 of the Counterclaim.

   16. Paragraph 16 is omitted from the Counterclaim.

   17. Alliance admits the allegations of paragraph 17 of the Counterclaim.

   18. Alliance admits the allegations of paragraph 18 of the Counterclaim.

   19. Alliance denies the allegations of paragraph 19 of the Counterclaim, except admits that it has engaged in the distribution, marketing, sale and/or offer for sale of ENEMEEZ and ENEMEEZ PLUS.

   20. Alliance denies the allegations of paragraph 20 of the Counterclaim.

   21. Alliance denies the allegations of paragraph 21 of the Counterclaim, except admits that it has represented that ENEMEEZ and ENEMEEZ PLUS have the same formulation as Therevac and that ENEMEEZ and ENEMEEZ PLU use the same active ingredients as Therevac.

   22. Alliance denies the allegations of paragraph 22 of the Counterclaim as

written.  Alliance admits that ENEMEEZ and ENEMEEZ PLUS is not the only docusate sodium laxative on the market, that ENEMEEZ and ENEMEEZ PLUS contains docusate sodium in a base comprising polyethylene glycol and glycerin, that the formulation of ENEMEEZ and ENEMEEZ PLUS is not protected by patent, and that Therevac was the topic of studies published in the open scientific literature.  Alliance otherwise denies the allegations of paragraph 22.

23.   Alliance denies the allegations of paragraph 23 of the Counterclaim as written.  Alliance admits that it markets ENEMEEZ and ENEMEEZ PLUS to drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, group purchasing organizations, healthcare providers and/or others.  Alliance otherwise denies the allegations of paragraph 23.

24.   Alliance denies the allegations of paragraph 24 of the Counterclaim as written.  Alliance admits that drug wholesalers, retailers, chains, distributors, mail order houses, independent pharmacies, managed care organizations, hospitals, group purchasing organizations, healthcare providers and/or others have purchased ENEMEEZ and/or ENEMEEZ PLUS.  Alliance otherwise denies the allegations of paragraph 24.

25.   Alliance denies the allegations of paragraph 25 of the Counterclaim, except admits that ENEMEEZ is not the only docusate sodium laxative on the market, and that ENEMEEZ and ENEMEEZ PLUS contain docusate sodium in a base comprising polyethylene glycol and glycerin that is not protected by patent.

26.   Alliance denies the allegations of paragraph 26 of the Counterclaim.

27.   Paragraph 27 is omitted from the Counterclaim.

## COUNT I:

### FALSE ADVERTISING IN VIOLATION OF SECTION 43(A)(1)(B) OF THE LANHAM ACT, 15 U.S.C. 1125(A)(1)(B)

28. With respect to the allegations contained in this section of the Complaint, Alliance repeats and re-alleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

29. Alliance denies the allegations of paragraph 29 of the Counterclaim, except admits that it has represented that ENEMEEZ and ENEMEEZ PLUS have the same formulation as Therevac and that ENEMEEZ and ENEMEEZ PLUS use the same active ingredients as Therevac.

30. Alliance denies the allegations of paragraph 30 of the Counterclaim.

31. Alliance denies the allegations of paragraph 31 of the Counterclaim.

32. Alliance denies the allegations of paragraph 32 of the Counterclaim.

33. Alliance denies the allegations of paragraph 33 of the Counterclaim.

## COUNT II:

### FEDERAL UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A)(1)(A) OF THE LANHAM ACT, 15 U.S.C. 1125(A)(1)(A)

34. With respect to the allegations contained in this section of the Complaint, Alliance repeats and re-alleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

35. Alliance denies the allegations of paragraph 35 of the Counterclaim.

36. The allegations contained in paragraph 36 of the Counterclaim are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Alliance denies each and every allegation contained in said paragraph.

37. Alliance denies the allegations of paragraph 37 of the Counterclaim.

38. Alliance denies the allegations of paragraph 38 of the Counterclaim.

39. Alliance denies the allegations of paragraph 39 of the Counterclaim.

40. Alliance denies the allegations of paragraph 40 of the Counterclaim.

## COUNT III:
## COMMON LAW UNFAIR COMPETITION

41. With respect to the allegations contained in this section of the Complaint, Alliance repeats and re-alleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

42. Alliance denies the allegations of paragraph 42 of the Counterclaim.

43. Alliance denies the allegations of paragraph 43 of the Counterclaim.

44. Alliance denies the allegations of paragraph 44 of the Counterclaim.

45. Alliance denies the allegations of paragraph 45 of the Counterclaim.

46. Alliance denies the allegations of paragraph 46 of the Counterclaim.

47. Alliance denies the allegations of paragraph 47 of the Counterclaim.

48. The allegations contained in paragraph 48 of the Counterclaim are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Alliance denies each and every allegation contained in said paragraph.

49. Alliance denies the allegations of paragraph 49 of the Counterclaim.

## COUNT VII:
## UNJUST ENRICHMENT

50. With respect to the allegations contained in this section of the Complaint, Alliance repeats and re-alleges each and every admission, denial, averment and statement

contained in this Answer with the same force and effect as though set forth here in full.

51.   The allegations contained in paragraph 51 of the Counterclaim are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Alliance denies each and every allegation contained in said paragraph.

## PRAYER FOR RELIEF

52.   Stratus's Prayer is not an allegation and therefore no response is required.  Should a response be deemed to be required, Alliance denies each and every allegation contained in said Prayer, except Alliance admits that Stratus purports to state a claim for damages and other relief, but Alliance denies that there is any legal or factual basis for such relief and denies that Stratus is entitled to such relief.

## AFFIRMATIVE DEFENSES

53.   The Complaint fails to state a claim upon which relief can be granted.

54.   With respect to each and every purported cause of action, Counter-Plaintiff's claims are barred by the doctrine of unclean hands.  Counter-Plaintiff has advertised and promoted Vacuant and Vacuant Plus (collectively, "Vacuant") as providing 283 mg of docusate sodium, as having only one active laxative ingredient, and as "alternatives" and generic equivalents to Enemeez and Enemeez Plus (collectively, "Enemeez").  Counter-Plaintiff, however, knows that Vacuant does not provide 283 mg of docusate sodium to the patient, that Vacuant contains a second active laxative ingredient, and is not a generic equivalent to Enemeez because, among other reasons, Vacuant does not have the same active ingredients and same strengths as Enemeez, and Vacuant has never been clinically tested to demonstrate that it is bioequivalent or therapeutically

equivalent to Enemeez. Counter-Plaintiff's deception was intended to and has harmed Alliance by causing customers to purchase Vacuant in place of Enemeez.

55. Counter-Plaintiff's claims are precluded by the Federal Food Drug and Cosmetics Act and/or by the doctrine of primary jurisdiction.

56. Counter-Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

57. Counter-Plaintiff's claims are barred, in whole or in part, by the doctrine of privilege.

58. Counter-Plaintiff's claims are barred, in whole or in part, by the defense of truth and/or substantial truth.

59. Counter-Plaintiff's claims are barred by the statute of limitations.

60. Counter-Plaintiff's claims are barred by laches.

**AMENDMENTS**

Alliance specifically reserves the right to amend its answer by adding claims, defenses, cross-claims or by instituting third-party actions as additional facts are obtained through further investigation and discovery.

WHEREFORE, Alliance prays for relief and judgment against Plaintiff as follows:

a. That Stratus take nothing by reason of its Counterclaim;

b. That Alliance costs and attorneys' fees incurred in response thereto;

c. That Alliance be granted the relief sought in its Complaint;

d. For a trial by jury on all issues so triable; and

e. For such other and further relief as the court may deem just and proper.

1
2    Dated March 27, 2013                Respectfully submitted,
3                                        By:   *s/ Saul Perloff*
4                                              **Saul H. Perloff**
                                               Texas Bar No. 157092
5                                              *Pro Hac Vice*
                                               **Katharyn A. Grant**
6                                              Texas Bar No. 24050683
                                               *Pro Hac Vice*
7                                        **FULBRIGHT & JAWORSKI L.L.P.**
                                         300 Convent Street, Suite 2100
8                                        San Antonio, Texas  78205-3792
9                                        Telephone (210) 224-5575
                                         sperloff@fulbright.com
10                                       kgrant@fulbright.com
11
                                               **Daniel P. Quigley**
12                                             Arizona Bar No. 009809
                                         **COHEN KENNEDY DOWD &**
13                                         **QUIGLEY, P.C.**
                                         The Camelback Esplanade I
14                                       2425 East Camelback Road, Suite 1100
15                                       Phoenix, Arizona  85016
                                         Telephone (602) 252-8400
16                                       dquigley@ckdqlaw.com
17
                                          **ATTORNEYS FOR PLAINTIFFS**
18                                        **ALLIANCE LABS, LLC**
                                          **AND ENEMEEZ, INC.**
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' ANSWER TO COUNTERCLAIM – PAGE 9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2013, I electronically transmitted the foregoing ANSWER TO DEFENDANT STRATUS PHARMACEUTICALS, INC.'S COUNTERCLAIMS to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

| **Counsel for Defendant:** | **By email address at**: |
|---|---|
| Mark Wiemelt | mark@wiemeltlaw.com |

**Dated this 27th day of March, 2013.**

By: *s/Dana Thompson*
Dana Thompson
An employee of Fulbright & Jaworski L.L.P.