**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **Alliance Labs, LLC, an Arizona limited liability company, and Enemeez, Inc., an Arizona corporation,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **2:12-cv-00927 JWS** |
| **vs.** | ) ) | **ORDER AND OPINION** |
| **Stratus Pharmaceuticals, Inc., a Florida corporation,** | ) ) ) | **[Re: Application at Docket 127]** |
| **Defendants.** | ) ) ) | |

**I.  MOTION PRESENTED**

At docket 127, plaintiffs Alliance Labs, LLC and Enemeez, Inc. ("plaintiffs") filed
an application for attorneys' fees.  Defendant Stratus Pharmaceuticals, Inc.
("defendant") filed a response in opposition at docket 131.  Plaintiffs' reply is at
docket 133, with supporting documentation filed at docket 134.  Oral argument was not
requested and would not assist the court.

**II.  BACKGROUND**

At docket 106, plaintiffs filed a motion to compel pursuant to Rule 37 of the
Federal Rules of Civil Procedure.  The motion sought to compel defendant to answer

interrogatories and produce documents after defendant failed to meet the deadline for

such responses and then failed to meet the extended deadline agreed to by the parties

during the meet and confer process.  Defendant did not file an opposition to the motion

to compel and consequently, at docket 119, the court granted plaintiffs' motion to

compel and ordered defendant to provide its complete responses to plaintiffs'

interrogatories and requests for production of documents.  The court also granted

plaintiffs' request for attorneys' fees incurred in connection with the motion to compel

and directed plaintiffs to submit an application for fees to the court.

        In the application, plaintiffs request $23,071.50 for attorneys' fees related to their

efforts to compel defendant to comply with its discovery obligations.  In support of their

request, plaintiffs attach the affidavit of one of their attorneys, Saul Perloff, as well as a

chart summarizing the hours spent by the three attorneys working on the case and

redacted copies of the invoices sent to plaintiffs.  The affidavit states that the attorneys

spent 41.20 hours on the discovery issue.[1]  Specifically, the summary at docket 127-2

shows that partner Saul Perloff spent 9.7 hours on matters plaintiffs assert were related

to discovery, senior counsel Andre Hanson spent 3.50 hours on such matters, and

senior associate Katharyn Grant spent 28.20 hours on such matters.[2]  Mr. Perloff's

hourly rate is $750; Mr. Hanson's hourly rate is $525; and Ms. Grant's hourly rate is

---

[1]Doc. 127-1 at p. 3.

[2]Doc. 127-2 at p. 2.

$495.[2]  The affidavit states that these are "rates charged by law firms throughout the nation for similar legal services."[3]

### III.  STANDARD OF REVIEW

Under Rule 37, if a motion to compel is granted, sanctions in the form of "reasonable expenses" including attorneys' fees must be awarded against the party and attorney "whose conduct necessitated the motion."[4]  The presumption in favor of an award of attorneys' fees serves a deterrent function by discouraging "unnecessary involvement by the court in discovery."[5]  When assessing the reasonableness of a request for attorneys' fees, the court applies a two-part "lodestar" approach.[6]  The court must first determine the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate.[7]  Second, the court "may adjust the 'presumptively reasonable' lodestar figure based upon the factors set forth in *Kerr v.*

---

[2]*Id.*

[3]Doc. 127-1 at p. 3.

[4]Fed. R. Civ. P. 37(a)(5)(A).

[5]*Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).

[6]*See Stokes v. Microsemi Corp.*, No. CV02-1689-PHX, 2003 WL 22114276, at *2 (D. Ariz. Sept. 10, 2003) (applying the lodestar methodology to Rule 37 sanctions); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C06-03359JF(RS), 2009 WL 3617786, at *1 (N.D. Cal. Oct. 29, 2009) ("When, as here, attorneys' fees are being awarded pursuant to the discovery sanctions provisions of Federal Rule of Civil Procedure 37, courts generally use the 'lodestar' approach to calculate the proper fee amounts").

[7]*Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

*Screen Extras Guild, Inc.*[8]  The fee applicant has the burden of submitting evidence to support the hours and rates claimed.[9]

## IV.  DISCUSSION

## A. Deferral

Defendant requests that the court defer the determination of attorneys' fees for the motion to compel in the interest of judicial economy, noting that the case could result in settlement which would obviate the need to rule on this application or that future motions for attorneys' fees and costs might be filed after judgment or discovery which would require the court to duplicate its efforts.

The court declines to defer the decision.  As noted above, attorneys' fees as a sanction under Rule 37 serve a deterrent function by discouraging involvement of the court in discovery matters and discouraging future abuse of discovery.  Regardless of what might happen in this case in the future, the court has granted plaintiffs' motion to compel and ordered that attorneys' fees be awarded.  The only issue left for determination is the amount owed in relation to the motion to compel, and there is no reason to delay resolution of this issue.

---

[8] *Id.*; *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).  The *Kerr* factors are:  1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment due to acceptance of the case; 5) the customary fee; 6) the contingent or fixed nature of the fee; 7) the limitations imposed by the client or the case; 8) The amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the undesirability of the case; 11) the nature of the professional relationship with the client; 12) awards in similar cases.  *Kerr,* 526 F.2d at 70.

[9] *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

**B. Reasonable expenses**

**1. Hourly rate**

As noted above, in order to calculate the lodestar figure and determine what is a presumptively reasonable fee to award plaintiffs, the court must consider whether the hourly rate used by plaintiffs is reasonable.  Defendant argues that the attorneys' hourly rates are too high.

 "The prevailing market rate in the community is indicative of a reasonable hourly rate."[10]  The relevant community is typically the community in which the district court sits.[11]  The fee applicant has the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services.[12] In their initial motion papers, plaintiffs provided only an affidavit from one of their attorneys to show that the requested rates of $750 per hour for Mr. Perloff, $525 per hour for Mr. Hanson, and $495 per hour for Ms. Grant are reasonable.  The affidavit states that the rates compare favorably with national standards, but nothing in the affidavit discusses whether these rates are applicable in Phoenix, which is the relevant community in this case.

Furthermore, plaintiffs should present more than just their attorney's affidavit to show that the requested rates are in line with those prevailing the community.[13]  In

---

[10] *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987).

[11] *Schwarz v. Sec'y of Health & Human Services*, 73 F.3d 895, 906 (9th Cir. 1995).

[12] *Jordan*, 815 F.2d at 1263.

[13] *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) ("'[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits– that the requested rates are in line with those prevailing in the community for similar services by lawyers

conjunction with their reply, plaintiffs did provide a chart containing data from the
National Law Journal's 2012 Billing Survey.  They argue their attorneys' rates are in line
with those of top firms in the country, but again the court must look at the relevant
community, which is Phoenix.  Thus, the court concludes that plaintiffs have not
demonstrated that the requested hourly rates are reasonable.

Plaintiffs argue that the complexity of the issues in this case and their attorneys'
experience, skill, and reputation with these issues justify a national billing standard.
However, the court notes that it is awarding attorneys' fees for drafting a motion to
compel discovery, not something outside the routine work done by many lawyers.  It
requires no special skill or expertise which might be required for work on the merits of
this case.

The court must determine a reasonable rate in Phoenix for similar services by
lawyers with comparable skill and experience.  Defendant cites a District of Arizona
case from 2011 in which the court concluded that the plaintiff failed to justify the hourly
rates of $615 for a partner and $400 for a senior associate in Phoenix.[14]  The court
concluded that the median rate in firms with over eight attorneys in Phoenix is $333 for
partners and $245 for senior associates and applied these rates in its award calculation,
except that it increased the hourly rates slightly due to the partner's experience and the
complexity of the issues.  The court finds that these rates are somewhat low in light of

---

of reasonably comparable skill, experience and reputation.'" (quoting *Blum v. Stenson*, 465 U.S.
886, 896 n.11 (1984))).

[14]*Skydrive Arizona, Inc. v. Quattrocchi*, No. CV05-2656-PHX-MHM, 2011 WL 1004945
(D. Ariz. Mar. 22, 2011).

hourly rates charged by one large Phoenix firm, Lewis & Roca, reflected in the National Law Journal survey provided by plaintiffs.  The court concludes that Lewis and Roca's median partner rate of $520 per hour and median associate rate of $330 per hour better reflect the prevailing rates in Phoenix for work of the sort performed on the motion to compel.

### 2. Number of hours dedicated to the discovery issue

The court must next multiply the reasonable hourly rate by the number of hours plaintiffs' attorneys reasonably expended in compelling discovery.  Plaintiffs contend that their attorneys spent 41.2 hours on the discovery issue, but defendant disputes the reasonableness of that amount of time.  The court agrees with defendant that the number of hours the attorneys dedicated to pursuing the motion to compel discovery was excessive given the discovery dispute at issue and the resulting 10-page motion to compel.  Indeed, "[t]he court has a great deal of discretion regarding the reasonableness of the hours claimed by the fee . . . including its decision regarding the reasonableness of the hours claimed by the prevailing party."[15]

The court concludes that the hours plaintiffs' attorneys spent drafting and revising the motion to compel before they met and conferred with defendant's attorney on January 17, 2013, was premature and resulted in unnecessary drafts of and edits to the motion to compel.  Indeed, the motion to compel states that during the meet and confer defendant's attorney acknowledged that defendant was obligated to comply with plaintiffs' discovery requests, and the parties agreed to a new date for discovery.

---

[15]*Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Prior to the meet and confer on January 17, plaintiffs' attorneys spent over 19 hours not only preparing a draft motion to compel, but also addressing defendant's contention that the parties should stipulate to a dismissal because of the alleged illegality of marketing the subject pharmaceuticals.  The time spent researching and addressing the dismissal issue should not be included in the award calculation as the issues defendant raised about a possible stipulated dismissal go to the merits of the case and were only indirectly related to discovery.  Indeed, the resolution of the motion to compel did not turn on the dismissal issue.

After exclusion of the hours billed prior to January 17, 2013, plaintiffs' attorneys billed about 22 hours towards the motion to compel.  The court concludes that having both senior attorneys review the 10-page motion written by the experienced senior associate was excessive.  Therefore, the court will cut the 2.3 hours Mr. Hanson spent reviewing the motion.  That leaves plaintiffs with about 19 hours of time devoted to corresponding with defendant about discovery and writing and revising the motion to compel.  Ms. Grant spent about 14 hours preparing the motion, and Mr. Perloff spent about 5 hours revising the motion and corresponding with defense counsel about discovery.  While on the high end for a 10-page motion to compel, especially where the issue was simply defendant's failure to comply with its discovery deadlines, and where defendant ultimately did not oppose the motion, the court concludes that 19 hours is nonetheless reasonable and supported by the documentation provided.

**C. Amount of Award**

Based on the court's findings regarding the reasonable hourly rates for attorneys in a large Phoenix-based firm and the reasonable amount of time spent on the

discovery issue, the court concludes the reasonable fee for Ms. Grant's time is $4,620 (14 hours x $330) and the reasonable fee for Mr. Perloff's time is $2,600 (5 hours x $520) for a total of $7,220.  The court further finds no basis for adjusting the award based on the *Kerr* factors.

## V.  CONCLUSION

Based on the preceding discussion, IT IS ORDERED:  defendant shall pay plaintiff the sum of $7,220.00 within 14 days from the date of this order.

DATED this 1st day of July 2013.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE