UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Alliance Labs, LLC and Enemeez, Inc., ) <br> ) <br>        Plaintiffs/Counter ) <br>        Claim Defendants ) <br> ) <br>     vs. ) <br> ) <br> Stratus Pharmaceuticals, Inc., ) <br> ) <br>        Defendant/Counter ) <br>        Claimant. ) <br> ) | 2:12-cv-927JWS <br><br> ORDER AND OPINION <br><br> [Re:  Motions at dockets <br>       172, 178, and 183] |

## I.  MOTIONS PRESENTED

At docket 172 Alliance Labs, LLC and Enemeez, Inc. ("Plaintiffs") move for a preliminary and permanent injunction against Stratus Pharmaceuticals, Inc. ("Defendant").  The motion also asks to consolidate the injunctive proceedings with a trial on the merits and to expedite resolution of the case.  Defendant has not filed anything explicitly labeled as a response, but the court considers Defendant's motion to strike at docket 183 to be an opposition, for in addition to a request to strike Plaintiffs' expert reports, it also set out arguments against consolidation and expedition of

resolution. Plaintiffs' response to docket 183 is at docket 187. Defendant replies to the filing at docket 187 in its filing at docket 194

Defendant moves for a preliminary injunction at docket 178. Plaintiffs' response is at docket 190. Defendant's reply is at docket 200.

## II.  DISCUSSION

Injunctive relief is recognized to be an extraordinary remedy[1] which is not routinely granted.[2] Preliminary injunctive relief is appropriate when plaintiffs establishes (I) probable success on the merits and irreparable harm if relief is denied, or (ii) that there are serious questions on the merits and the balance of hardship tips sharply in favor of plaintiffs.[3] The seemingly alternative tests represent a single spectrum of concerns in which the critical element is relative hardship. The higher plaintiffs' probability of success, the less the balance of hardships need tip in plaintiffs' favor.[4]

Based on the parties' papers, the court concludes that Defendant's motion at docket 178 must be denied. Defendant has not shown a significant probability of success on the merits, nor irreparable harm if the motion is not granted. Similarly, while there is some question on the merits, the balance of hardships does not tip in Defendant's favor.

---

[1] *See United States v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 496 (2001) citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

[2] *Martin v. O'Grady*, 783 F. Supp. 1191, 1195 (N.D. Ill. 1990).

[3] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

[4] *Id.*, quoting from *Immigrant Assistance Project of Los Angeles County Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002).

Plaintiffs' motion at docket 172 seeks both a preliminary and a permanent injunction, consolidation of the injunctive proceedings with a trial on the merits, and an expedited schedule. Defendant opposes the request for consolidation and expedition.

Defendant contends that Plaintiffs' expert reports are (actually will be when filed) untimely. The argument has no merit. The court explicitly ruled at docket 119 that the date for Plaintiffs' expert disclosures would be 60 days from Defendant's service of *complete* responses to specified discovery requests made by Plaintiffs. Defendant did not comply with the order at docket 119, as explained in the order at docket 193 which imposed sanctions on Defendant for failure to do so. The order at docket 193 established a procedure to ensure that there would be a complete response to the discovery requests. That procedure has not yet been completed. Under these circumstances the request to strike Plaintiffs' experts is utterly without merit.

Turning to consolidation of the injunctive proceedings with trial on the merits, this court concludes that such consolidation is warranted. It is the best way to assure a well-informed decision on the merits. Turning to the request to expedite trial, the court notes that Defendant's failure to file complete responses to long outstanding discovery requests caused the court to set a specific schedule in the order at docket 119, which provides for completion of both lay and expert discovery tied to Plaintiffs' certification of full compliance by Defendant with the outstanding discovery requests. That cannot happen until completion of the forensic review required by the order at docket 193. At this time, the court declines to depart from the schedule already established. If, after Plaintiffs certify full compliance with Defendant's discovery obligations, either side

wishes the court to modify the schedule set out in the order at docket. it may move for a modification.

### III.  CONCLUSION

For the reasons above, the motions at dockets 178 and 183 are **DENIED**, and the motion at docket 172 is **GRANTED in part** and **DENIED in part** as follows: The hearing on Plaintiffs' request for injunctive relief will be consolidated with the trial on the merits.  Trial will be scheduled as soon after completion of discovery as reasonably possible, but the court will not presently expedite trial such that it would be set sooner than is consistent with the discovery schedule in the order at docket 119.

DATED this 7th day of October 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE